# 97 DTA 194

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE PONCE

CRAIG HYLAS JOHNSON
Demandante-Apelante

v.

LA SUCESION DE ALBERTO ALVARADO, COMPUESTA POR SUS HIJOS HIPOLITA SANTOS, ROSA MARIA, MERCEDES, ISABEL, CANDIDA, NEREIDA MARTIN Y JUAN ALBERTO TODOS DE APELLIDO ALVARADO; Y VIRGILIO LORENZO TORRES Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR EL Y SU ESPOSA MERCEDES ALVARADO; FELIZ RIVERA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR EL Y SU ESPOSA NEREIDA ALVARADO; VIRGILIO LORENZO ALVARADO Y SU ESPOSA FULANA DE TAL
Demandados-Apelados

Núm. KLAN-96-00629

San Juan, Puerto Rico, a 15 de septiembre de 1997

Panel integrado por su Presidente, Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

## TEXTO COMPLETO DE LA SENTENCIA

Mediante el recurso de apelación que nos ocupa, el demandante-apelante, Craig Hylas Johnson (el apelante), nos solicita que revisemos la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito, que declaró sin lugar la demanda por él incoada sobre negatoria de servidumbre de paso a favor de los co-demandados-apelados sin disponer indemnización alguna.

La controversia sobre la servidumbre de paso entre estos predios surgió en el 1983. Para entonces, los apelados utilizaban para llegar a su casa un camino que discurría por una finca que pertenecía a los señores Virgilio López Rivera y Violeta Carrasquillo, anteriores dueños de dicha propiedad, quienes luego la vendieron al apelante. La residencia de los apelados ubicaba en una finca colindante.

En el 1983 los esposos López-Carrasquillo, entonces dueños del predio sirviente, presentaron demanda sobre sentencia declaratoria e interdicto permanente ante el Tribunal Superior, Sala de Aibonito, contra los apelados en el caso CS-83-1317. Alegaron que los demandados, aquí apelados, utilizaban dos caminos para llegar a su residencia que atravesaban el terreno de su propiedad. Solicitaron que se le ordenara a éstos abstenerse de utilizar el camino que pasaba por el patio de su casa residencial y que usaran otro que daba acceso a su residencia.

Las partes llegaron a un acuerdo dando por terminado el litigio. Por estipulación adoptada en el mencionado caso CS83-1317 del Tribunal Superior, Sala de Aibonito, expresamente se estableció un camino en la propiedad que ahora pertenece al apelante para darle acceso a la propiedad de los apelados, acordando las partes compartir los gastos que se incurriría. ■ Dicho camino resulta ser el mismo que es ahora objeto de la controversia en el caso de autos.

El apelante posteriormente adquirió la propiedad de los esposos López-Carrasquillo. Siete (7) años después, el 6 de noviembre de 1990, presentó la demanda que nos ocupa. Alegó que la propiedad de los apelados no está enclavada ya que colinda con la carretera estatal Núm. 726 y que éstos han estado utilizando el camino en cuestión *"como si fuera una servidumbre de paso"* sin tener título que los autorice. Reclamó los daños causados a su propiedad como resultado de haber los apelados removido terreno con el propósito de ensanchar el camino. Propuso la construcción de un camino desde la carretera Núm. 726 por los terrenos que colindan con el suyo.

Luego de presentada la prueba y de llevarse a cabo una inspección ocular del lugar, el foro de instancia resolvió que efectivamente la finca donde ubica la residencia de los apelados colinda con la carretera Núm. 726. Estimó, sin embargo, que para todos los efectos prácticos el único acceso viable y seguro que pueden utilizar los apelados para llegar a su residencia es el que atraviesa la finca del apelante.

Inconforme, el apelante acude ante este Foro. Le imputa al tribunal de instancia incidir al 1) determinar que la propiedad de los apelados es una enclavada y constituir título de servidumbre de paso a favor de los apelados; 2) descartar el informe pericial que propuso la construcción de un camino con acceso a la carretera; 3) al no concederle al apelante compensación por la servidumbre impuesta.

Por las razones que exponemos a continuación, confirmamos el dictamen apelado. El Código Civil de Puerto Rico reconoce diversas clases de servidumbres entre las que se encuentran las reales. También llamadas servidumbres prediales, *"son aquellas que disfruta el propietario de una finca, constituida sobre otra propiedad vecina para beneficio de aquélla."* 31 L.P.R.A. sec. 1633. Estas servidumbres afectan la propiedad sin importar el dueño de la misma. La servidumbre de paso es una servidumbre predial que reconoce el Código en su artículo 500 (31 L.P.R.A. sec. 1731).

A pesar de que *"[l]as servidumbres de paso, por ser discontinuas y aparentes, sólo pueden adquirirse en virtud de título", Martin v. Correa*, 76 D.P.R. 12, 14 (1954), nuestro Tribunal Supremo ha establecido en cuanto a posteriores adquirientes de una finca con una servidumbre de paso que:

*"[C]uando los signos de la servidumbre son ostensibles e indubitados, su apariencia exterior le*

*supone una publicidad equivalente a la de la inscripción, y por tanto surten efecto contra el adquirente del inmueble, aunque no resulte del Registro la existencia de la servidumbre." Ibáñez v. Tribunal Superior,* 102 D.P.R. 615, 624 (1974).

Primeramente, hemos examinado la estipulación sometida por los apelados y los anteriores dueños de la finca del apelante en el caso CS-83-1317. A nuestro juicio, dicho documento refleja que las partes constituyeron una servidumbre de paso a favor de los co-demandados con el propósito de culminar la controversia suscitada entre ellos. Aún más, surge de las determinaciones de hechos del Tribunal de Primera Instancia, que el señor Hylas Johnson testificó que había visto el camino que utilizaban los apelados, al comprar la finca. Que, además, al comprarla el vendedor le informó que la propiedad tenía dos caminos, uno que llegaba hasta su casa y otro que llegaba hasta la residencia de los apelados. En base a ello el tribunal determinó correctamente que los apelados han estado utilizando el camino en controversia como acceso a su propiedad y que el apelante no tiene derecho a una indemnización ya que al comprar la finca el camino existía y él tenía conocimiento de ello.

Como antes dicho, nuestro Tribunal Supremo ha establecido que el signo aparente de servidumbre *"supone una publicidad equivalente a la de la inscripción, y por tanto surten efecto contra el adquiriente del inmueble, aunque no resulte del Registro la existencia de la servidumbre." Ibáñez, supra.*

Alega el apelante como segundo error que incidió el tribunal al descartar el informe pericial sobre la viabilidad del camino que propuso. Tampoco tiene razón. En dicho informe pericial preparado por el ingeniero José Colón Negrón, éste hace una recomendación sobre la forma en que se podría construir el referido camino. Ahora bien, surge del propio informe que en su recomendación no se incluyen ciertos estudios que serían necesarios para viabilizar dicho camino. A esos fines una parte del mismo establece lo siguiente:

*"Se recomienda que previo a la construcción se tomen datos de campo sobre elevaciones en el eje así como secciones transversales a los fines de determinar las rasantes finales y acopiar datos hidrológicos-hidráulicos sobre la quebrada para cotejar el diámetro de la tubería a instalarse."*

Durante la vista del caso, la declaración del ingeniero Colón Negrón giró en torno a las características del propuesto camino y las recomendaciones respecto a su construcción. Según el informe pericial rendido, este camino tendría un costo aproximado de $10,000.00. Del informe surge que para poder viabilizar el camino requeriría estudios adicionales sobre el terreno y una quebrada que habría que cruzar.

El foro de instancia luego de celebrar una inspección ocular del lugar determinó que el camino propuesto no era uno práctico, seguro ni económicamente factible. Hizo la siguiente observación:

*"Luego de nuestra visita en el área del terreno, consideramos que la prueba presentada por el aquí demandante es insuficiente para despejar nuestras dudas sobre las pendientes o elevaciones que pueda tener el camino propuesto y si éstas son seguras o viables. Así también la prueba es insuficiente para despejar nuestras dudas sobre el tipo de obra que sea necesaria para cruzar la quebrada... Ciertamente, si según el propio informe del perito del demandante hay que realizar estudios adicionales "... así como estudios adicionales hidrológicos e hidráulicos podemos concluir que con toda probabilidad los costos sean superiores al estimado por la parte demandante y que lo propuesto por el demandante no sea realmente viable."*

Asimismo, concluyó que la propiedad de los apelados era una enclavada ya que el camino propuesto por el apelante no era uno seguro ni económicamente viable. Aclaró, que aunque la finca donde ubica la residencia de los apelados tiene acceso a la carretera Núm. 726 por una de sus colindancias, estimó que dicho acceso no constituye uno seguro a esa vía.

Consecuentemente se ha resuelto *"que ningún tribunal está obligado a seguir indefectiblemente la opinión, juicio, conclusión o determinación de un perito o facultativo... y que todo tribunal está en plena libertad de adoptar su criterio propio en la apreciación o evaluación de la prueba pericial y hasta descartar la misma aunque resulte ser técnicamente correcta." Hernández Rivera y Otros v.*

*Municipio de Bayamón,* **94 J.T.S. 68**, pág. 11877. Un examen del testimonio del perito sostiene las dudas que manifiesta el tribunal tener sobre el costo y viabilidad de construir el camino propuesto por el apelante para darle acceso a los apelados desde la carretera hasta su residencia.

Por último, argumenta el apelante que erró el tribunal de instancia al concluir que el apelante no tenía derecho a una indemnización por la servidumbre impuesta. Se hace imperativo recordar que en el referido caso CS-83-1317 entre los esposos López-Carrasquillo (quienes luego le vendieron al señor Hylas Johnson) y los esposos Lorenzo-Álvarado, se estableció el camino objeto del caso de autos. En aquel caso, según surge de la estipulación sometida por las partes, éstas compartirían por partes iguales el costo de construir este camino que le daría acceso a la residencia de los apelados. Sería un fracaso de la justicia el imponerle a los apelados, bajo las circunstancias presentes, el pagar una nueva indemnización por el mismo camino. Comoquiera, el apelante no presentó prueba sobre el valor de la propiedad. Ello privó al tribunal de la facultad para poder determinar el valor del terreno y de los perjuicios reclamados por la servidumbre impuesta; a la luz de lo anteriormente señalado, dictamos sentencia confirmando la apelada en todos sus extremos.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 194

**1.** Dicha estipulación estableció lo siguiente:

*"1. El demandante eliminará el primer portón de alambre de entrada a las propiedades tanto de éste como a la del demandado, por lo que el primero cercará ambos lados del camino que conduce a sus propiedades.*

*2. Se abrirá un camino y estará localizado a la derecho en una veguita que hay cuando se entra a los terrenos de la Sucesión Alvarado por el camino real y llegará hasta la casa de los demandados.*

*3. Ambas partes en el pleito compartirán los gastos a partes iguales que se incurrirán en hacer el camino.*

*4. En consideración a lo anterior ambas partes desistirán de las acciones presentadas sin especial imposición de costas, gastos y honorarios de abogado."*